UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILAN FRANK FARGO<br><br>*Plaintiff*,<br><br>v.<br><br>COMMONWEALTH OF NORTHERN MARIANA ISLANDS DEPARTMENT OF LABOR,<br><br>*Defendant*. | Civil Action No. 24 - 1504 (LLA) |

## MEMORANDUM OPINION

Plaintiff Milan Frank Fargo is a resident of the Commonwealth of Northern Mariana Islands ("CNMI") who applied for, but was denied, federal supplemental unemployment benefits through the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) (codified as amended at 15 U.S.C. §§ 9001-141). Proceeding *pro se*, Mr. Fargo brings this action challenging Defendant CNMI Department of Labor's ("DOL") denial of his applications for CARES Act benefits. ECF No. 1. The CNMI DOL has moved to dismiss for lack of subject-matter jurisdiction, improper venue, failure to state a claim, and insufficient service of process. ECF No. 6. For the reasons explained below, the court will grant Defendant's motion to the extent that it dismisses the case for improper venue.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In response to the COVID-19 pandemic, Congress passed the CARES Act, which, among other things, created a Pandemic Unemployment Assistance ("PUA") program and a Federal Pandemic Unemployment Compensation ("FPUC") program. 15 U.S.C. §§ 9021, 9023. The PUA

program provided federal funds to those who had lost work for certain COVID-19 related reasons, *id.* § 9021, and the FPUC program provided supplemental payments to those already receiving unemployment benefits, *id.* § 9023.  The programs were administered by state governments, and the CNMI is treated as a "state" for purposes of the CARES Act.  *Id.* § 9021(a)(5).  The CNMI DOL administered both programs.  *See* ECF No. 1, at 1; ECF No. 6-1, at 2.

In October 2020, Mr. Fargo began submitting claims for unemployment benefits under both the PUA and FPUC programs, certifying that his employment had been affected by the COVID-19 pandemic.  *Fargo v. CNMI Dep't of Lab., Div. of Emp. Servs.-PUA*, Labor Case No. 21-123, at 2-3 (Feb. 28, 2024).[1]  The CNMI DOL determined that Mr. Fargo was not eligible for PUA or FPUC benefits because he had been unemployed since 2018, long before the pandemic began, and it accordingly issued him a determination that he was not eligible for benefits for the period between February 2, 2020 and September 4, 2021.  *See id.* at 3-4.

Mr. Fargo filed an administrative appeal.  *Id.* at 2.  In February 2024, a CNMI DOL Administrative Hearing Officer affirmed the denial of Mr. Fargo's claims for benefits, explaining that Mr. Fargo was not a "covered individual" under the CARES Act because he had been unemployed prior to the COVID-19 pandemic, had not reported any lost income due to the pandemic, and had not demonstrated that he was scheduled to begin employment but was stymied by the pandemic.  *Id.* at 7.  The order directed that any party aggrieved by the decision could submit

---

[1] In deciding a motion to dismiss, a court may take judicial notice of facts contained in public records of other proceedings.  *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).  The court takes judicial notice of the facts regarding Mr. Fargo's CNMI DOL proceedings that are contained in the administrative order, "as they 'can be accurately and readily determined' from a public agency proceeding, the accuracy of which 'cannot reasonably be questioned.'"  *Peart v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 81 (D.D.C. 2013) (quoting Fed. R. Evid. 201(b)(2)).

a written request to reopen the matter and ultimately seek judicial review in the CNMI Superior Court. *Id.* at 7-8.

In March 2024, Mr. Fargo filed a request that the matter be reopened and reconsidered. *Fargo v. CNMI Dep't of Lab.*, Labor Case No. 21-123, at 1 (Apr. 17, 2024). The Administrative Hearing Officer found that there was insufficient evidence to reconsider her prior determination that Mr. Fargo was not eligible for PUA or FPUC benefits. *Id.* at 3. She further explained that her order was final agency action and that Mr. Fargo could seek judicial review in the CNMI Superior Court. *Id.*

Rather than seeking review in the CNMI Superior Court, Mr. Fargo filed suit against the CNMI DOL in this court in May 2024. ECF No. 1. In his complaint, Mr. Fargo explains that he does not "trust" the CNMI Superior Court and is suing in this jurisdiction because the U.S. Department of Labor is based here. *Id.* at 1. The CNMI DOL has moved to dismiss, arguing that the court lacks subject-matter jurisdiction, ECF No. 6-1, at 5-7; that this district is not a proper venue, *id.* at 4-5; that Mr. Fargo does not have a private right of action under the CARES Act, *id.* at 7-8; and that service was improper, *id.* at 8-10.

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action unless the plaintiff can establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction. *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177-78 (D.D.C. 2007). In reviewing such a motion, the court "is not limited to the allegations set forth in the complaint" and

3

"'may consider materials outside the pleadings.'" *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).

### B.     Federal Rule of Civil Procedure 12(b)(3)

Rule 12(b)(3) authorizes courts to dismiss or transfer a case for improper venue. Similarly, under 28 U.S.C. § 1406(a), the court must "dismiss, or if it be in the interest of justice, transfer" an action filed in the wrong district. 28 U.S.C. § 1406(a). Together, "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013).

In considering a Rule 12(b)(3) motion, the court "must accept all well-pled factual allegations as true and must draw all reasonable inferences in favor of the plaintiff." *Attkisson v. Holder*, 241 F. Supp. 3d 207, 212 (D.D.C. 2017). "The court need not, however, accept the plaintiff's legal conclusions as true, and may consider material outside of the pleadings." *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 414 (D.D.C. 2020) (quoting *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011)). Venue is an affirmative defense, so the plaintiff is not required to address venue in his pleadings. *Uni-Top Asia Inv. Ltd. v. Sinopec Int'l Petroleum Expl. & Prod. Corp.*, 600 F. Supp. 3d 73, 78 (D.D.C. 2022). However, if a defendant timely objects to venue, "the burden is on the [plaintiff] to establish that the district [it] chose is a proper venue." *Id.* (quoting *Williams*, 792 F. Supp. 2d at 62).

### C.     Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion under Rule 12(b)(6), a court accepts all well-pled factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In determining whether a complaint fails to state a claim, a court may consider only the facts alleged in the complaint and "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)).

### D.  *Pro Se* Litigants

Pleadings by *pro se* litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). The court will, however, consider all of a *pro se* litigant's filings and attachments, not just his complaint, in evaluating the defendant's motion to dismiss. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015).

### III.     DISCUSSION

#### A.     Proper Party Defendant

As a threshold matter, Mr. Fargo names the CNMI DOL as Defendant in this action. *See* ECF No. 1, at 1-2.  The CNMI's Commonwealth Code establishes the CNMI Department of Labor, *see* 1 CMC § 2831, but does not designate it as an entity that may sue and be sued, *id.*; *see Norita v. Commonwealth of N. Mariana Islands Dep't of Pub. Safety*, No. 18-CV-22, 2019 WL 150875, at *7 (D. N. Mar. I. Jan. 10, 2019) (finding that "the CNMI legislature's silence as to [an agency's] capacity to sue or be sued indicates that it did not intend to grant such capacity to [the agency]").

The CNMI moves to dismiss on this basis.  ECF No. 6-1, at 6-7.  In light of Mr. Fargo's *pro se* status, the court finds it appropriate to proceed as if Mr. Fargo had named the CNMI as the defendant.  *See Manila v. CNMI Dep't of Corr.*, No. 18-CV-3, 2019 WL 324424, at *3 (D. N. Mar. I. Jan. 24, 2019) (treating a case against the CNMI's Department of Corrections as a suit against the CNMI); *cf. Hunter v. D.C. Child & Fam. Servs. Agency*, 710 F. Supp. 2d 152, 157 (D.D.C. 2010) ("When a pro se plaintiff erroneously names a [District of Columbia] agency instead of the District of Columbia itself, it is appropriate to automatically substitute the District for its agencies.").

#### B.     Venue

"[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).  While courts must ordinarily begin with their own subject-matter jurisdiction, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), venue is a "threshold, non-merits issue that a court can address

without first establishing its jurisdiction," *Chevron U.S.A. Inc. v. Env't Prot. Agency*, 45 F.4th 380, 385 (D.C. Cir. 2022); *see, e.g.*, *Gage v. N.J. Dep't of Env't Prot.*, No. 22-CV-944, 2023 WL 6292788, at *1 (D.D.C. Sep. 27, 2023).  Accordingly, the court will first address Defendant's challenge to venue.

1.      **Improper venue**

Unless a specific statute provides otherwise, venue in federal courts is governed by 28 U.S.C. § 1391.  *See Atl. Marine Constr. Co.*, 571 U.S. at 55.  Venue in a civil action is generally proper in: (1) the district where "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) the district where "a substantial part the events or omissions giving rise to the claim occurred" or where "a substantial part of property that is the subject of the action is situated"; or (3) if no other district is appropriate, any district where the defendants are subject to the court's personal jurisdiction.  28 U.S.C. § 1391(b).

This action fails to satisfy any of the three bases for venue in this district.  First, Mr. Fargo does not dispute that the CNMI DOL is an agency of the CNMI government, which resides in the CNMI.  *See* ECF No. 13, at 3, 9-10.[2]  Second, none of the events giving rise to Mr. Fargo's claims occurred in the District of Columbia.  On the contrary, all actions regarding Mr. Fargo's applications for PUA and FPUC benefits occurred in the CNMI.  *See* ECF No. 1, at 1-2; *Fargo*, Labor Case No. 21-123, at 2-4 (Feb. 28, 2024).  Mr. Fargo suggests that his claim arose in the District of Columbia because the U.S. Department of Labor is "located in the capital city" and has the "responsibility to make CNMI DOL . . . follow the [U.S. Department of Labor's] sensible,

---

[2] The court cites the corrected version of Mr. Fargo's opposition.  *See* Errata, ECF No. 13.

well-balanced" guidance regarding the eligibility criteria for programs under the CARES Act.[3] ECF No. 1, at 1.  However, the allegations in Mr. Fargo's complaint concern the CNMI DOL's denial of his benefits, which is at best tangentially related to the U.S. DOL's guidance.  *See McRae v. Lockett*, No. 20-CV-2878, 2021 WL 6062636, at *5 (D.D.C. Dec. 22, 2021) (holding that the fact that policies "relevant to plaintiff's claims originated at [an agency's] Washington, D.C. headquarters" was insufficient to support venue in the District of Columbia).  Finally, venue would be proper in the Northern Mariana Islands, where the CNMI DOL resides and the events giving rise to the claims occurred, rendering the third prong of the venue statute unavailable.[4]  This district is therefore the wrong venue for Mr. Fargo's suit.

### 2.     Transfer or dismissal

Having determined that venue does not lie in this district, the court may either "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "[T]he standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it."  *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670,

---

[3] Mr. Fargo also argues that venue is proper in the District of Columbia because he is suing the U.S. Secretary of Labor, whom he alleges oversees the CNMI DOL.  ECF No. 13, at 6-7.  But Mr. Fargo has not named the U.S. Secretary of Labor as a defendant, *see* ECF No. 1, and even if he had done so, venue would not be proper since all Defendants would still not be residents of the District of Columbia, *see* 28 U.S.C. § 1391(b)(1).

[4] Mr. Fargo argues that the District Court for the Northern Mariana Islands "should be excluded from considering [his] case" because that court is "a place of bias and serving government only." ECF No. 13, at 9.  It appears that Mr. Fargo has previously lost suits in that venue.  *See id.* at 9-10. But Mr. Fargo's lack of success in that venue is not a valid reason to find venue proper in this district under Section 1391.  *See Jones v. Campbell Univ.*, 317 F. Supp. 3d 164, 166-67 (D.D.C. 2018), *amended on other grounds*, 322 F. Supp. 3d 106 (D.D.C. 2018) (explaining that "even if it were proper for this Court to make [a] determination as to [the bias of] judges on another district court (let alone as to that judicial district as a whole), there is no authority whatsoever suggesting that their disqualification would somehow give this Court the power to hear claims" in an improper venue).

674 (D.C. Cir. 2001). Transfer is also favored over dismissal when the plaintiff is proceeding *pro se*. *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 408 (D.D.C. 2017). However, if no federal court would have subject-matter jurisdiction over the plaintiff's claims, "the court must dismiss because there is no appropriate transferee court." *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010). Dismissal is also appropriate when there are "obvious substantive problems with the plaintiff's claims," *id.*, such that "the outcome is foreordained," *Simpkins v. D.C. Gov't*, 108 F.3d 366, 370-71 (D.C. Cir. 1997) (holding that transfer pursuant to 28 U.S.C. § 1406 would have "delay[ed] the inevitable" and "kept the case alive only until the next court looked it over and found it wanting"); *see, e.g.*, *Goldin v. United States*, 159 F.3d 636 (D.C. Cir. 1998) (per curiam) (declining to transfer where the plaintiff had failed to establish meritorious claims); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) (affirming dismissal under Section 1406(a) where the plaintiff's claims "could [not] properly be heard in any federal court"); *Scarlett v. Nat'l Sci. Found. Off. of Inspector Gen.*, No. 22-CV-188, 2022 WL 17830227, at *5-7 (D.D.C. Dec. 21, 2022) (dismissing rather than transferring the case where the court lacked subject-matter jurisdiction and the plaintiff had failed to state a claim); *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 132 (D.D.C. 2013) (holding that dismissal was in the interest of justice because the plaintiff's claims had "significant substantive problems"). If a "limited review reveals that the case is a sure loser," the court "should dismiss the case rather than waste the time of another court." *Sanchez-Mercedes*, 453 F. Supp. 3d at 418-19 (quoting *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999)). The decision whether to transfer or dismiss "rests within the sound discretion of the district court." *Naartex*, 722 F.2d at 789.

The court concludes that it is in the interest of justice to dismiss this case rather than transfer it to the District Court for the Northern Mariana Islands, where venue would otherwise be proper, because Mr. Fargo's claims could not properly be heard in any federal court. *See id.* To begin, Mr. Fargo cannot establish that a federal court possesses subject-matter jurisdiction to award the unemployment benefits that he seeks. Under the Commonwealth Administrative Procedures Act, final decisions of the CNMI DOL are reviewed by the CNMI Superior Court, not by a federal court. 1 CMC § 9112(b) ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action, is entitled to judicial review of the action within 30 days thereafter in the Commonwealth Superior Court."). The Administrative Hearing Officer who denied Mr. Fargo's request for reconsideration informed him of this fact, explaining that Mr. Fargo could seek further review in the CNMI Superior Court. *Fargo*, Labor Case No. 21-123, at 3 (Apr. 17, 2024).

Mr. Fargo argues that he filed suit in this court because he "ha[s] no . . . trust [in] the CNMI Superior Court being objective and efficient and obeying the law." ECF No. 13, at 4; *see* ECF No. 1, at 1. But Mr. Fargo's resistance to the CNMI Superior Court's jurisdiction based on alleged bias does not confer jurisdiction in federal district court—whether here or in the Northern Mariana Islands. *See Quigley v. District of Columbia*, No. 20-CV-910, 2020 WL 1703935, at *1 (D.D.C. Apr. 8, 2020) (dismissing a claim seeking review of a D.C. agency's denial of unemployment benefits under the CARES Act because it was solely reviewable by the D.C. Court of Appeals); *cf. Warren v. Dir., D.C. Dep't of Corr.*, 905 F.2d 481 (D.C. Cir. 1990) (declining to transfer claims where the plaintiff had not exhausted state remedies).

But even if a federal court had jurisdiction, Mr. Fargo fails to plausibly state a claim for relief. Mr. Fargo claims that the CNMI DOL deprived him of his constitutional due process rights

10

in its handling of his applications. ECF No. 13, at 16.  He argues that the U.S. "Constitution gives [him] the right to sue any government body for not folowing [sic] laws and rules of USA." *Id.* But his claims fail because Mr. Fargo has no cognizable property interest in the receipt of PUA or FPUC benefits.

Mr. Fargo has not alleged sufficient factual allegations that would show that he has "a legitimate claim of entitlement" to PUA and FPUC benefits. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.").  He does not dispute that he has been unemployed since 2018, well before the COVID-19 pandemic began, and he provides no evidence that he met the eligibility criteria for PUA and FPUC benefits. *See generally* ECF No. 13.  While traditional unemployment benefits are generally a property interest protected by the Due Process Clause, *see Gebretsadike v. District of Columbia*, No. 22-CV-1951, 2023 WL 2708822, at *8 (D.D.C. Mar. 30, 2023), it is well settled that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion," *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).  State participation in both the PUA and FPUC programs was optional.  The CARES Act explicitly provides that a state could withdraw from the FPUC program by providing written notice within thirty days.  15 U.S.C. § 9023(a). "And though the statutory language for PUA funds does not mention that states could withdraw upon thirty days' notice, the statute *does* provide that PUA benefits are contingent on an agreement between the [U.S. Department of Labor] and the state." *Smith v. Reynolds*, 139 F.4th 631, 636 (8th Cir. 2025) (citing 15 U.S.C. § 9021(f)(2)) (holding that the plaintiff lacked a protected property interest in any CARES Act benefits).  Because the CNMI DOL "possessed discretion to convey and rescind the benefits regardless of how and when it exercised that discretion," the

11

CARES Act does not give rise to a constitutionally protected property interest in the receipt of PUA or FPUC benefits.[5] *Winter v. N.M. Dep't of Workforce Sols.*, No. 21-CV-475, 2023 WL 184115, at *3-5 (D.N.M. Jan. 13, 2023) (concluding that a plaintiff who was denied PUA benefits did not have a property interest), *appeal dismissed*, No. 23-2014, 2023 WL 8889763 (10th Cir. Dec. 26, 2023); *see, e.g.*, *Kreps v. Mich. Unemployment Ins. Agency*, No. 22-CV-12020, 2025 WL 899840, at *4 (E.D. Mich. Mar. 24, 2025) ("[T]he CARES Act does not confer an entitlement to a protected property interest in PUA benefits."); *Al-Farouk v. Dep't of Lab. & Indus. Rels.*, No. 23-CV-385, 2023 WL 6796200, at *4 (D. Haw. Oct. 13, 2023) (holding that the plaintiff did not allege sufficient factual allegations to "show that she had a legitimate claim of entitlement to PUA benefits"); *Plaisance v. Louisiana*, No. 21-CV-121, ECF No. 109, at 11 (M.D. La. Sep. 30, 2022) ("Without a property interest in CARES Act benefits, those Plaintiffs claiming that they should have been paid those benefits cannot state a procedural due process claim related to the denial of [PUA or FPUC] benefits."); *Moss v. Lee*, No. 21-CV-561, 2022 WL 68388,

---

[5] The Ninth Circuit recently held that a plaintiff possesses a constitutionally protected property interest in Pandemic Emergency Unemployment Compensation ("PEUC") benefits under the CARES Act. *Sterling v. Feek*, No. 24-1296, 2025 WL 2536695, at *8-10 (9th Cir. Sep. 4, 2025). The Court rejected the State of Washington's reliance on its discretion to participate in the PEUC program, which, like the FPUC program, permitted states to withdraw by providing thirty days' written notice. *Id.*; *see* 15 U.S.C. § 9025(a)(1). The Court held that while state participation was voluntary, "[t]he CARES Act 'significantly constrain[s]' the discretion' of state agencies in administering PEUC benefits" and requires the award of benefits based on objective eligibility criteria, giving rise to a protected property interest. *Sterling*, 2025 WL 2536695, at *9 (quoting *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 63 (9th Cir. 1994)). This court agrees that the existence of a property interest does not turn solely on whether states had discretion in *participating* in CARES Act benefits programs, but it notes that, unlike the plaintiffs in *Sterling*, *see id.* at *3-4, Mr. Fargo never received PUA or FPUC benefits, nor has he shown that he met the eligibility criteria for such benefits, *see Fargo*, Labor Case No. 21-123, at 4 (Feb. 28, 2024); *see generally* ECF No. 13. The Ninth Circuit held only that "[t]he State's participation in the PEUC program . . . gave rise to a protected property interest for *eligible* individuals *like* [the plaintiffs there]," *Sterling*, 2025 WL 2536695, at *10 (emphases added), and therefore its holding does not bear on whether Mr. Fargo has a property interest in PUA or FPUC benefits.

at *6 (D. Tenn. Jan. 6, 2022) (holding that because "federal law specifically allows states to exercise discretion in ending their distribution of the federal supplemental benefits[,] . . . [s]uch discretion is enough to place the benefit outside the scope of a property interest"); *see also Turner v. Westfield Wash. Twp.*, No. 22-1969, 2022 WL 17039087, at *2 (7th Cir. Nov. 17, 2022) (rejecting due process claim based on denial of emergency rental assistance under the CARES Act). Accordingly, Mr. Fargo's attempt to constitutionalize his claims would not survive a motion to dismiss under Rule 12(b)(6).

To the extent that Mr. Fargo is attempting to bring his claims under the CARES Act directly, he lacks a private cause of action under the statute. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). When a statute has not created a private right, it is not the proper function of federal courts to infer the existence of such a right. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 334 (2020). Moreover, federal "spending legislation" does not itself "confer enforceable rights." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002); *see Medina v. Planned Parenthood S. Atl.*, 145 S. Ct. 2219, 2229-34 (2025).

Courts across the country have "consistently held that Congress did not create a private cause of action for pandemic-related benefits when it passed the CARES Act." *Vega v. Wis. Dep't of Workforce Dev.*, No. 23-CV-1124, 2024 WL 3082645, at *3 (E.D. Wis. Apr. 16, 2024), *reconsideration denied*, 2024 WL 3043379 (E.D. Wis. June 18, 2024), *appeal dismissed sub nom.*, *Vega v. Adjudicator 4318*, No. 24-2105, 2024 WL 5277149 (7th Cir. Aug. 30, 2024); *see, e.g.*, *Thompson v. U.S. Dep't of Treasury Internal Revenue Serv.*, No. 23-CV-3103, 2023 WL 4744751, at *2 (D.N.J. July 25, 2023) (holding that there is no private right of action under the CARES Act with respect to stimulus checks); *Parson v. Yellen*, No. 22-CV-1390, 2023 WL 3579768, at *1

(N.D.N.Y. May 22, 2023) ("[T]he CARES Act does not contain a private right of action for the failure to provide individuals pandemic payments."); *Carr v. Kabbage, Inc.*, No. 22-CV-1249, 2023 WL 3150084, at *4 (N.D. Ga. Mar. 31, 2023) (holding that there is no private right of action under the CARES Act for Paycheck Protection Program loans); *Ortiz v. Bus. Consumers & Hous. Agency*, No. 23-CV-837, 2023 WL 2188694, at *2 (C.D. Cal. Feb. 23, 2023) (agreeing with "numerous other district courts [that] the CARES [A]ct does not create an implied private right of action"); *Winter v. N.M. Dep't of Workforce Sols.*, No. 21-CV-475, 2022 WL 4132740, at *7 (D.N.M. Sep. 12, 2022) (noting that "a private right of action, express or implied, for supplemental federal benefits is absent from the CARES Act"); *McClendon v. Bernard*, No. 21-CV-823, 2021 WL 5567369, at *2 (E.D. Ark. Nov. 29, 2021) (rejecting a claim for PUA benefits because "the CARES Act does not create a private right of action"); *see also Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1016 (9th Cir. 2023) (holding that the CARES Act does not provide a private right of action to providers seeking reimbursement for COVID-19 testing); *Cook v. Peters*, No. 23-CV-2211, 2024 WL 778134, at *2 (N.D. Ohio Feb. 26, 2024) (collecting cases finding that various provisions of the CARES Act did not provide a private right of action). Mr. Fargo therefore fails to demonstrate that he has a cause of action to challenge the denial of PUA or FPUC benefits.

In sum, even construing Mr. Fargo's allegations liberally in light of his *pro se* status, "significant substantive problems," *Ananiev*, 968 F. Supp. 2d at 132, preclude the adjudication of his claims by any federal district court. Because venue is improper in this district and transfer of

the case would only "delay[] the inevitable," *Simpkins*, 108 F.3d at 370, the court concludes that it is not "in the interest of justice" to transfer this case to another venue, 28 U.S.C. § 1406(a).[6]

## IV.  CONCLUSION

For the foregoing reasons, the court will grant the CNMI DOL's motion to dismiss. ECF No. 6. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   September 12, 2025

---

[6] In light of the court's conclusion, it need not address the CNMI DOL's arguments concerning sovereign immunity and service of process.